FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

2005 NOV 29 ℗ 3: 46

SIGN_____
BY DEPUTY CLERK

| | | |
|---|---|---|
| **ROSEMARIE SANFORD,** | ) | CIVIL ACTION NO.: |
| on behalf of herself and those | ) | |
| similarly situated, | ) | JUDGE: _05-1361-FJP CN_ |
| | ) | |
| Plaintiff, | ) | MAGISTRATE: |
| | ) | |
| v. | ) | **CLASS ACTION COMPLAINT** |
| | ) | **FOR VIOLATION OF THE FAIR** |
| **AEGIS LENDING** | ) | **CREDIT REPORTING ACT** |
| **CORPORATION,** | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

Plaintiff, Rosemarie Sanford, brings this action, individually and on behalf of the class of persons defined below, against Defendant, Aegis Lending Corporation. Plaintiff alleges the following on information and belief, formed after a reasonable inquiry under the circumstances.

## PARTIES

1.    Plaintiff, Rosemarie Sanford, is a resident of Saint Cloud, Florida.

2.    Defendant, Aegis Lending Corporation ("Aegis Lending"), is a Delaware corporation headquartered in Baton Rouge, Louisiana.

3.    Aegis Lending originates sub-prime residential mortgages nationwide.

1

JP summons issued

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based upon claims brought pursuant to 15 U.S.C. §1681p.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## THE FAIR CREDIT REPORTING ACT'S PROTECTION

## OF THE CONSUMER'S RIGHT TO PRIVACY

6.     The Fair Credit Reporting Act, 15 U.S.C. §§1681 – 1681w (the "FCRA"), is a consumer protection statute which regulates the activities of consumer reporting agencies and users of consumer reports, and which provides certain rights to consumers affected by use of the collected information about them.

7.     Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.

8.     Congress stated in the opening section of the FCRA, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. §1681(a)(4).

2

9.    The FCRA provides for civil remedies to consumers for violations of the FCRA, including nominal damages, statutory damages, punitive damages, costs and attorneys' fees. 15 U.S.C. §1681n.

## PERMISSIBLE PURPOSE FOR OBTAINING
## A CONSUMER REPORT

10.    Under the FCRA, the term "consumer report" means any written, oral, or other communication of *any information* by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.  15 U.S.C. §1681a(d)(1).

11.    Under the FCRA, the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in the practice of assembling or evaluating consumer credit information *or other information* on consumers for the purpose of furnishing consumer reports to third parties.   15 U.S.C. §1681a(f).

12.     Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. §1681b(a) and §1681b(c).

13.     Section 1681b(f) in turn provides, "A person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section [1681b]."

14.     The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer.    See §1681b(a)(3)(A)-(F) (authorizing the use of consumer reports when the consumer has applied for credit, employment, or insurance).

15.     One of the few circumstances in which the FCRA allows the use of a consumer report in the absence of a consumer-initiated transaction is when the recipient of the information undertakes to extend to the consumer a "firm offer of credit."  See §1681b(c)(1).

16.     The process whereby a consumer reporting agency compiles or edits a list of consumers who meet specific criteria and provides the list to users for use in extending a "firm offer of credit" to the listed consumers is sometimes referred to as "prescreening."    See FTC Official Staff Commentary §604(3)(A) item 6.

4

17.    Any information relating to a consumer in a prescreening list provided by a consumer reporting agency is a consumer report.  15 U.S.C. §1681a(d) and §1681b(c)(1).

18.    In addition to invading a consumer's privacy, the inclusion of information about a consumer in a prescreening list increases the consumer's risk of identity theft.

19.    Because a prescreening user is obtaining access to the consumer's private and confidential information in a transaction not initiated by the consumer, the FCRA imposes strict conditions on the offers that qualify such use as a permissible purpose.  The "firm offer of credit" must be one that "will be honored" if the consumer meets specific criteria used to select the consumer for such offer.  See §1681a(*l*).  The "firm offer of credit" must be more than a mere advertisement or solicitation, and must have value to the consumer.

**CLEAR AND CONSPICUOUS DISCLOSURES**

**IN WRITTEN SOLICITATIONS**

20.    Users who invoke the "firm offer of credit" permissible purpose must, pursuant to §1681m(d), provide to each consumer who receives a written firm offer a "clear and conspicuous statement" that discloses: (A) the information contained in the consumer's consumer report was used in

5

connection with the transaction; (B) the offer is conditioned upon certain additional criteria; (C) the offer may not be extended if the consumer does not continue to meet those criteria or does not provide required collateral; and (D) the consumer has the right to prohibit the future use of his or her consumer report in connection with unsolicited firm offers of credit or insurance. This last disclosure is known as the "opt-out" of future offers. The clear and conspicuous disclosure must also provide the consumer with a toll-free number to call if the consumer wishes to prevent such promotional uses of his or her credit report in the future.

## AEGIS LENDING'S PRESCREENING PRACTICES

21.    Aegis Lending regularly obtains consumer reports on large numbers of individuals who did not initiate transactions with Aegis Lending and who did not authorize the release of such reports.

22.    Aegis Lending obtains such consumers' reports without the knowledge or consent of the consumers by purchasing "prescreening" lists from consumer reporting agencies.

23.    Aegis Lending uses these prescreening lists to contact the targeted individuals by direct mail.

24.    Aegis Lending mails standardized written solicitations to individuals on the prescreening lists which Aegis Lending purchases from consumer reporting agencies.

25.    Aegis Lending's written solicitations to individuals on the prescreening lists are sales pitches inviting the individuals to call Aegis Lending to apply to Aegis Lending for a loan.

26.    Aegis Lending's written solicitations to individuals on the prescreening lists do not provide the essential terms of a credit transaction.

27.    Aegis Lending's written solicitations do not provide the rate of interest Aegis Lending proposes to charge.

28.    Aegis Lending's written solicitations do not provide the amount of credit to be extended.  Although Aegis Lending's written solicitation states that Aegis Lending has a minimum loan amount of $40,000, no precise amount is provided for a particular consumer.

29.    The absence of the amount of credit to be extended and the rate of interest to be charged prevent the consumer from determining whether it is advantageous to accept the "offer."

30.    Aegis Lending's standard written solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

7

31.     Aegis Lending's written solicitations sent to individuals on the prescreening lists do not provide in a clear and conspicuous manner the disclosures required by the FCRA.  Aegis Lending places the disclosures on the reverse side of the solicitation.   Rather than make the disclosures conspicuous by using bold print or capital letters, Aegis Lending uses a reduced size print in the disclosures.

## INDIVIDUAL FACTUAL ALLEGATIONS

## OF ROSEMARIE SANFORD

32.     Aegis Lending obtained a consumer report on Rosemarie Sanford.

33.     Rosemarie Sanford did not initiate any transactions with Aegis Lending related to the consumer report Aegis Lending obtained on Rosemarie Sanford.

34.     Rosemarie Sanford did not authorize the consumer reporting agency from which Aegis Lending obtained the consumer report to provide a consumer report to Aegis Lending.

35.     Aegis Lending obtained the consumer report on Rosemarie Sanford without Rosemarie Sanford's consent or knowledge.

36.     After Aegis Lending obtained the consumer report on Rosemarie Sanford, Aegis Lending mailed Rosemarie Sanford one of Aegis

Lending's standardized written solicitations.  A copy of the front of such solicitation is attached as Exhibit A, and a copy of the back of such solicitation is attached as Exhibit B.

37.    Aegis Lending's solicitation to Rosemarie Sanford is a sales pitch inviting Rosemarie Sanford to apply for a loan.

38.    Aegis Lending's solicitation to Rosemarie Sanford does not provide the essential terms of a credit transaction.

39.    The solicitation fails to state the rate of interest to be charged.

40.    Although the solicitation states that Aegis Lending has a minimum loan amount of $40,000, no precise amount is provided for the proposed credit to be extended.

41.    The absence of the amount of credit to be extended and the rate of interest to be charged prevent Rosemarie Sanford from determining whether it is advantageous to accept the "offer."

42.    Aegis Lending's solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

43.    Aegis Lending's solicitation also fails to make the disclosures required by §1681m(d) in a clear and conspicuous manner.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action under the FCRA on behalf of herself

and as representative of the following proposed class (the "Class"):

> All individuals throughout the United States whose consumer
> reports were obtained or used by Aegis Lending on or after
> March 31, 2002, in connection with a credit transaction not
> initiated by them and who did not receive a firm offer of credit
> from Aegis Lending.

45.     Plaintiff brings this action under the FCRA on behalf of herself

and as representative of the following proposed sub-class (the "Sub-class"):

> All individuals throughout the United States whose consumer
> reports were obtained or used by Aegis Lending on or after
> March 31, 2002, in connection with a credit transaction not
> initiated by them, and who received from Aegis Lending a
> written solicitation to enter a credit transaction which did not
> provide the clear and conspicuous disclosures required by 15
> U.S.C. §1681m(d).

46.     Pursuant to Rule 23 and the FCRA, Plaintiff believes this action

may be maintained as a class action because all procedural elements are

satisfied, as set forth below:

### 1. Numerosity

47.     Aegis Lending is in the business of obtaining consumer reports

relating to consumers throughout the United States and using credit reports

in mass marketing of credit terms nationwide. The number of consumers

nationwide with respect to whom Aegis Lending obtained consumer reports

and solicited the consumer to enter a credit transaction all without undertaking to make a firm offer of credit as required under the FCRA is in excess of several thousand. The exact number and identity of Class members is unknown to Plaintiff but can easily be determined from the records of Aegis Lending.

48.     The Class is so numerous that it would be impractical to join all of the members of the Class within the meaning of Rule 23(a)(1).

## 2. Commonality

49.     On behalf of the Class, the representative Plaintiff brings claims which raise questions of law and fact common to all members of the Class, as contemplated by Rule 23(a)(2). Common issues include:

(a)     Whether Aegis Lending violated the FCRA by failing, as a matter of practice, to make a firm offer of credit to Plaintiff and other consumers after obtaining or using consumer reports on Plaintiff and other consumers in connection with credit transactions not initiated by Plaintiff and other consumers;

(b)     Whether Aegis Lending violated the FCRA when, after obtaining or using consumer reports on Plaintiff and other consumers in connection with credit transactions not initiated by them, Aegis Lending, as a matter of practice, sent Plaintiff and other consumers written solicitations

which did not also provide the disclosures required by 15 U.S.C. §1681m(d) in a clear and conspicuous manner;

      (c)    Whether Aegis Lending was a user of consumer reports when it obtained consumer reports relating to Plaintiff and other consumers;

      (d)    Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was willful;

      (e)    Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was in reckless disregard of Plaintiff's and other consumers' rights;

      (f)    Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was in conscious disregard of Plaintiff's and other consumers' rights;

(g)     Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was negligent;

(h)     Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was willful;

(i)     Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was in reckless disregard of Plaintiff's and other consumers' rights;

(j)     Whether Aegis Lending's actions in obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA were in conscious disregard of Plaintiff's and other consumers' rights;

(k)    Whether Aegis Lending's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was negligent; and

(l)    Whether members of the Class are entitled to recover statutory and punitive damages as a result of Aegis Lending's actions in violating the FCRA.

### 3. Typicality

50.    In accordance with the requirements of Rule 23(a)(3), the representative Plaintiff's claims are typical of the claims of all other members of the Class, and the representative Plaintiff has no interests which are adverse or antagonistic to the interests of the Class.  The representative Plaintiff's claims are typical of the claims of the Class because all such claims arise from a series of identical business practices, or a common course of conduct, involving Aegis Lending's practice of obtaining and using consumer reports in connection with credit transactions not initiated by consumers and not undertaking to make the consumers firm offers of credit.  The representative Plaintiff's claims are typical of the claims of the Class because the claims arise from Aegis Lending's practice of obtaining and using consumer reports in connection with credit transactions not

initiated by consumers and then providing the consumers with written solicitations which do not provide the clear and conspicuous disclosures required by the FCRA.

### 4. Adequacy

51.    In accordance with the requirements of Rule 23(a)(4), the representative Plaintiff and her counsel will fairly and adequately represent and protect the interests of each member of the Class.  The representative Plaintiff and the Class share common interests, and the representative Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.

### Rule 23(b)(2) Allegations

52.    Aegis Lending's practice of obtaining consumer reports on members of the Class without their knowledge or consent, and failing to undertake to extend to the members of the Class firm offers of credit is applicable to the entire Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

53.    Aegis Lending's practice of obtaining consumer reports on members of the Sub-class without their knowledge or consent, and sending to such members written solicitations which do not provide the clear and conspicuous disclosures required by 15 U.S.C. §1681m(d) is applicable to

the entire Sub-class, thereby making appropriate declaratory relief with respect to the Sub-class as a whole.

### Rule 23(b)(3) Allegations

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class members will continue to suffer damages, and will continue to be harmed by Aegis Lending obtaining and using their consumer reports without a permissible purpose as required by law and will continue to be harmed by Aegis Lending obtaining and using their consumer reports in connection with credit transactions not initiated by them followed by Aegis Lending making written solicitations without providing clear and conspicuous disclosures required by the FCRA. The violations of law by Aegis Lending will proceed without remedy while Aegis Lending continues to ignore its legal obligations under the law, and consumers will be left unaware of the violation of their rights on a daily basis. These violations undermine the core purpose of the FCRA.

55. Most individual Class members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the

comparatively small, although significant, statutory damages available to individual Class members.

56. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

57. This action presents no difficulty that would impede its management by the Court as a class action. In addition, a willful violation of the law may be remedied by the Court through imposition of a fine based upon each violation of the FCRA. A class action is superior to other available methods for the fair and efficient adjudication of each Class member's claim.

58. The questions of fact common to the claims of each member of the Class, relating to the uniform failure to make a firm offer of credit after obtaining or using consumer reports relating to Plaintiff and other consumers, predominate over any facts affecting only individual members of the Class.

59. The questions of law common to the claims of each member of the Sub-class, relating to Aegis Lending's uniform practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals and then providing the individual with a written

solicitation which does not also provide the clear and conspicuous disclosures by the FCRA, predominate over any questions of law affecting only individual members of the Sub-class.

60. Individual reliance is not a requirement to establish liability under the FCRA.

## FIRST CAUSE OF ACTION

## VIOLATION OF FAIR CREDIT REPORTING ACT
### (No Permissible Purpose)

61. Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 60.

62. Aegis Lending has a corporate policy and business practice of obtaining and using consumer reports in connection with soliciting individuals to enter credit transactions not initiated by the individuals and failing to undertake to extend to the individuals firm offers of credit.

63. In its nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by them and then refraining from making a firm offer of credit to such individuals, Aegis Lending has willfully ignored the requirements of the FCRA, and has made a business decision to fail or refuse to comply with the requirements of the FCRA.

64.     Aegis Lending's adoption of its policy and Aegis Lending's nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to undertake to make firm offers of credit to such individuals as required by the FCRA, is in conscious disregard of those individuals' rights.

65.     Aegis Lending's adoption of its policy and Aegis Lending's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to undertake to make a firm offer of credit to such individuals as required by the FCRA, is in reckless disregard of those individuals' rights.

66.     The actions of Aegis Lending constitute willful noncompliance with the requirements of the FCRA.  15 U.S.C. §1681b(c).  Specifically, Aegis Lending's use and acquisition of consumer reports, as described in the preceding paragraphs, is not for a permissible purpose under the FCRA.

67.     Plaintiff and Class members have suffered damages as a result of Aegis Lending's willful violations of the FCRA.

68.     As a result of Aegis Lending's willful violations of the FCRA, Aegis Lending is liable to Plaintiff and the Class members for statutory damages, nominal damages, punitive damages, costs, and their attorneys' fees herein.

## SECOND CAUSE OF ACTION

## VIOLATION OF FAIR CREDIT REPORTING ACT
### (Absence of Clear and Conspicuous Disclosures)

69.    Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 60.

70.    Aegis Lending has a corporate policy and practice of obtaining and using consumer reports in connection with soliciting consumers to enter credit transactions not initiated by the consumers and then sending the consumers written solicitations to enter the credit transaction without providing in a clear and conspicuous manner the disclosures required to be provided by the FCRA.

71.    Aegis Lending's adoption of its policy and its practice and procedure of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to provide with each written solicitation made to the individuals regarding the transactions the clear and conspicuous disclosures required by the FCRA, is in conscious disregard of those individuals' rights.

72.    Aegis Lending's adoption of its policy and Aegis Lending's practice and procedure of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then

failing to provide with each written solicitation made to the individuals regarding the transactions the statutorily mandated clear and conspicuous disclosures required by the FCRA, is in reckless disregard of those individuals' rights.

73.     The actions of Aegis Lending constitute willful noncompliance with the requirements of the FCRA.

74.     Plaintiff and Sub-class members have suffered damages as a result of Aegis Lending's willful violation of the FCRA.

75.     As a result of Aegis Lending's willful violations of the FCRA, Aegis Lending is liable to Plaintiff and the Sub-class for statutory damages, nominal damages, punitive damages, costs, and their attorneys' fees herein.

## THIRD CAUSE OF ACTION

### DECLARATORY RELIEF
### (No Permissible Purpose)

76.     Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 60.

77.     Pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare the rights of the parties herein regarding Aegis Lending's obligation to make firm offers of credit to individuals whose consumer reports were obtained by Aegis Lending in connection with credit transactions not initiated by the

individuals, and specifically whether Aegis Lending's practice complies with or violates the FCRA.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF
### (Inadequate Disclosures)

78.   Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 60.

79.   Pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare the rights of the parties herein regarding Aegis Lending's obligation to provide clear and conspicuous disclosures when making a written solicitation in connection with a credit transaction not initiated by the individual after obtaining a credit report on such individual, and specifically whether Aegis Lending's practice complies with or violates the FCRA.

## TRIAL BY JURY

80.   Plaintiff demands trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Aegis Lending as follows:

(a)   Certify this as a class action pursuant to Rule 23 and designate Plaintiff as adequate representative of the Class;

(b)    Award Plaintiff, and other Class members, statutory damages within the Court's discretion of not more than $1,000.00 for each separate violation, nominal damages, and punitive damages for Aegis Lending's willful violations of the FCRA;

(c)    Declare Aegis Lending's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by such individuals and then failing to undertake to make a firm offer of credit to such individuals violates the FCRA;

(d)    Declare that Aegis Lending's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals and then sending the individuals solicitations which do not provide in a clear and conspicuous manner the disclosures required by the FCRA violates the FCRA;

(e)    Award Plaintiff reasonable attorneys' fees, prejudgment interest, and the costs and expenses incurred in this action, including experts' fees; and

(f)    Grant such other relief as may be appropriate under the circumstances.

Philip Bohrer (#14089)
Scott E. Brady (#24976)
**Bohrer Law Firm**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone:  (225) 925-5297
Facsimile:   (225) 231-7000

**Official Pre-Qualification' Notice**



**Aegis**
LENDING CORPORATION

TO:  Rosemarie Sanford
     1016 Megan Lynn Ct
     Saint Cloud, FL  34772-7490

FROM: Alexis Hernandez

RE:   Pre-Qualification† for $40,000 or more*

PRIORITY CODE:  0094-080-305-55-95828

---

Official Pre-Qualification' For:  Rosemarie Sanford in the amount of $40,000 or more*

Dear Rosemarie Sanford,

Congratulations! You have been pre-qualified†for $40,000 or more* from Aegis Lending. Call 1-800-809-2864 to apply and use this money to do whatever you want:

- Consolidate bills including high interest credit card or finance company debt to reduce your monthly payments.
- Complete home improvement projects you've been planning.
- Receive cash out for a major purchase - such as a boat, truck, car, education, a vacation, or any other reason.
- Purchase a new home.
- Refinance your mortgage and save.

Not only is there no cost to apply, but when you call Aegis Lending we'll make it easy for you to apply:

- Regardless of your prior credit history or employment status (retired, self-employed, or recent job change) we offer a wide variety of programs designed to fit your specific needs.
- You can get your money with little or no out of pocket expense and you can possibly get your money in less than 10 days.

It's fast and easy. Just call 1-800-809-2864 now to accept a FREE loan consultation. We are waiting to take your calls 7 days a week, Monday through Sunday (see times for your convenience).

So call 1-800-809-2864 now - this offer is only good through 10/3/05. You'll be glad you called.

Sincerely,

*Alexis Hernandez*

Alexis Hernandez
Branch Manager

P.S.Your $40,000 or more* is here for you - call 1-800-809-2864 to apply. This offer expires 10/3/05, so call now.

> You can choose to stop receiving "prescreened" offers of credit from this and other companies by calling toll-free 1-888-567-8688. See PRESCREEN & OPT-OUT NOTICE on other side for more information about prescreened offers.

---

3 Easy Ways To Apply For Your Pre-Qualified' Loan:



**1. CALL**
**1-800-809-2864**
Monday thru Friday 7 am until 10 pm CST
Saturday 7 am until 9 pm CST
Sunday 10 am until 6:30 pm



**2. MAIL**
**THE**
**ENCLOSED**
**APPLICATION CERTIFICATE**



**3. CLICK**
**ON**
www.aegislending.com/notice

▼ Detach at perforation ▼

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**Aegis**
LENDING CORPORATION

Pre-Qualification† Department
10049 N. Reiger Rd.
Baton Rouge, LA 70809

PRIORITY CODE:
0094-080-305-55-95828

▲
**Account Response Receipt.**
Keep the receipt above as a reminder of your response to the Pre-Qualified· Aegis Lending Home Loan.

Complete and return the Application Certificate in the postage-paid envelope provided.

**PRE-QUALIFIED' APPLICATION CERTIFICATE**



**Aegis**
LENDING CORPORATION

Rosemarie Sanford
1016 Megan Lynn Ct
Saint Cloud, FL  34772-7490

Priority Code: 0094-080-305-55-95828

☑ Yes, Please call me about my pre-qualified' loan for '40,000 or more'!

You are one of a select group of homeowners who have been chosen for this special offer†. Call 1-800-809-2864 and mention this certificate. Or return the certificate in the postage-paid envelope provided. Then, we'll call you and tell you how you can take advantage of this offer†

Convenient contact time: _____

Phone: home (_____)_____-_____

work (_____)_____-_____

e-mail (optional) _____

*Actual amount of credit may vary
†See reverse side of letter for important information

Aegis Lending Corporation, 10049 North Reiger Road, Baton Rouge, LA 70809.
†Information contained in your credit file was used in preparing this offer.  The minimum loan amount
associated with this offer is $40,000. You received this offer because your credit file satisfied the criteria
used for selecting the recipients of this offer.  Amount represents what you may be able to receive to
consolidate bills, make home improvements, or get cash; your actual loan amount may vary. Aegis
Lending's loans typically pay off first mortgages. This offer is conditioned on re-verification of the credit
criteria used in making this offer, and credit may not be extended if you do not continue to meet those
criteria. This offer is further conditioned on satisfaction of Aegis Lending's other criteria, including credit
and income requirements, minimum loan amounts, and its normal and customary collateral requirements,
including the eligibility of the subject property (mobile homes are ineligible), Aegis Lending's maximum
loan-to-value limitations, the insurability of Aegis Lending's lien, and the insurance of the subject property
against hazards and/or flood damage. The borrower also is responsible for the payment of all costs and fees
associated with the loan. In many cases, these fees may be financed, so that out-of-pocket costs can be
limited. Other terms and conditions may apply.



Aegis Lending Corporation.
An Equal Housing Lender.

**PRESCREEN & OPT OUT NOTICE**
**This "prescreened" offer of credit is based on information in your credit report indicating that you
meet certain criteria. This offer is not guaranteed if you do not meet our criteria [including providing
acceptable property as collateral]. You have the right to prohibit information contained in your file
maintained by the credit reporting agencies from being used in a credit transaction not initiated by
you by calling (toll-free) 1-888-5-OPT-OUT (1-888-567-8688) or writing these agencies: Trans Union
Opt Out Request, PO Box 505, Woodlyn, PA 19404-0505; Equifax Options, P. O. Box 740123, Atlanta
GA 30374-0123; and Experian Opt Out, P. O. Box 919, Allen, TX 75013. You may also visit the
website at www.optoutprescreen.com.**

Licensing Disclosures

| | |
|---|---|
| AZ | Arizona Mortgage Bankers License Number BK0905011. |
| CA | Licensed by the Department of Corporations under the California Residential Mortgage Lending Act. |
| GA | Georgia Residential Mortgage Licensee – License #17887 – Aegis Lending Corporation – 10049 North Reiger Road, Baton Rouge, LA 70809. |
| IL | Illinois Residential Mortgage Licensee #06739, Aegis Lending Corporation, 10049 North Reiger Road, Baton Rouge, LA 70809. |
| MN | This advertisement is not an offer to enter into an interest rate lock-in agreement under Minnesota law. |
| MA | Massachusetts Licensed Mortgage Lender – License #ML2306. Massachusetts Licensed Broker – License #MB2882. |
| MS | Mississippi Registered Mortgage Company. |
| NH | Licensed by the New Hampshire Banking Department. |
| NJ | Licensed Mortgage Banker – N.J. Department of Banking – Aegis Lending Corporation, 66 York Street, 5th Floor, Suite 502, Jersey City, NJ – 201-332-8140. |
| NV | Nevada Mortgage Broker Principal Office License #252, 2485 Village View Drive, Suite 250, Henderson, NV 89074 – 702-207-3300. Nevada Mortgage Broker Branch Office License #252, 639 Isbell Road, Suite 240, Reno, NV 89409 – 775-770-2121. Nevada Mortgage Banker Principal Office License #620, 2485 Village View Drive, Suite 250, Henderson, NV 89074 – 702-207-3300. |
| NY | Licensed Mortgage Banker – NYS Banking Department – Aegis Lending Corporation, 430 Perinton Hills Office Park, Fairport, NY 14450. |
| OH | Aegis Lending Corporation – #MB4565 – 4506 Stephens Circle, NW, Suite 202, Canton, Ohio 44718 – 330-966-6543. |
| PA | Licensed by the Pennsylvania Department of Banking.  Licensed in Pennsylvania pursuant to the Secondary Mortgage Loan Act. |
| RI | Rhode Island Licensed Lender and Broker. |

℠JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Rosemarie Sanford, on behalf of herself and those similarly situated | Aegis Lending Corporation |

| (b)  County of Residence of First Listed Plaintiff   Saint Cloud, Florida | County of Residence of First Listed Defendant   East Baton Rouge |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Philip Bohrer and Scott Brady, 8712 Jefferson Highway, Suite B Baton Rouge, Louisiana  70809   (225) 925-5297 | |

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1681-1681w

Brief description of cause:
Violation of Fair Credit Reporting Act

## VII.  REQUESTED IN COMPLAINT:

☒  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/29/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

46 99 000943